IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 18, 2001

**STATE OF TENNESSEE v. THOMAS HICKS**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-C-1769     Seth Norman, Judge**

———

**No. M2000-00404-CCA-R3-CD - Filed April 6, 2001**

———

The Defendant was convicted by a Davidson County jury of aggravated robbery and sentenced by the trial court to twenty-two years in the Tennessee Department of Correction.  On appeal, the Defendant argues that the trial court erred in failing to suppress the Defendant's confession.  The confession had been videotaped by police detectives, but the video tape was accidentally erased prior to trial.  Finding no error by the trial court, we affirm the Defendant's conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Daniel L. McMurtry, Nashville, Tennessee, for the Appellant, Thomas Hicks.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General for the Appellee, State of Tennessee.

**OPINION**

**I.  Facts and Procedural History**

The Defendant was indicted by the Davidson County Grand Jury in July, 1998 for the aggravated robbery on November 4, 1996 of Rhonda Atwood, an employee of the Kroger store on Murfreesboro Road in Nashville, Tennessee.  On the morning of trial, October 11, 1999, at 8:50 a.m., the Defendant filed a "motion in limine to suppress confession."  Counsel for the Defendant conceded to the trial court that the motion was filed late, but argued that the circumstances of the motion were ". . . a little bit different situation, in that the State lost the videotape that [his] client supposedly confessed on."

Counsel for the State explained to the trial court that the videotape of the confession had been accidentally "taped over" and offered to present the testimony of Detective Harold Dean Haney to explain the circumstances surrounding the erasing of the videotape. The trial court allowed defense counsel the opportunity to question Detective Haney, but this offer was declined.

The trial court overruled the "motion in limine to suppress confession" without making findings of fact and conclusions of law. Immediately thereafter, a jury was selected, and the trial began.

Along with other evidence implicating the Defendant in the aggravated robbery, evidence regarding Defendant's confession and the circumstances surrounding the erasing of the videotape was also presented to the jury at trial.

Detective Haney testified that he was a twenty-year veteran of the Metro Police Department and had been assigned to the armed robbery unit for "a little over" eleven years. He was thus assigned to the armed robbery unit at the time of the Murfreesboro Road Kroger store robbery on November 4, 1996. Detective Haney testified that he interviewed the Defendant, who was a suspect in the Kroger robbery, on November 13, 1996 at the Criminal Justice Center. F.B.I. Agent John Grant was also present for the interview, which was videotaped. Detective Haney testified that the Defendant was informed of his Miranda rights, see Miranda v. Arizona, 384 U.S. 436 (1966), and that the Defendant signed a written waiver of those rights prior to giving a statement. Detective Haney wrote a supplement that summarized the Defendant's statement. Haney testified that the Defendant admitted that he committed the robbery and gave details about the amount of money obtained and the vehicle used that were consistent with other evidence pertaining to the robbery. According to Haney, the Defendant further admitted that he used a gun during the robbery.

Detective Haney testified that he preferred to videotape interviews of suspects and witnesses when possible, but that videotaping was not required. He explained that if the stop button is not pushed, a videotape will go to the very end of the tape, where "[i]t will hit rewind. Go to the very beginning of the tape and start recording again." Although Detective Haney thought that the interview with the Defendant had been videotaped properly, he later learned from the F.B.I. (to whom he had given the videotape in question) that the interview of the Defendant had been "recorded over." Although Detective Haney was upset by this turn of events, he stated that he had no difficulty remembering the details of the interview and that he did not attempt to videotape another interview with the Defendant.

## II. Analysis

The Defendant argues in this appeal that the trial court erred by failing to grant the Defendant's "motion in limine to suppress confession". The Defendant includes in this argument the complaint that the trial court overruled the Defendant's motion to suppress "[w]ith no finding noted." The Defendant alleges generally that his constitutional right to due process was violated by

the trial court's failure to suppress his confession and that the trial court's failure to suppress his confession is reversible error.

We begin our analysis with the proposition that a trial court's determination at a suppression hearing is presumptively correct on appeal, State v. Stephenson 878 S.W. 2d 530, 544 (Tenn. 1994), and the findings are binding upon this Court unless the evidence contained in the record preponderates against them. State v. Binette, 33 S.W. 3d 215, 217 (Tenn. 2000). Matters involving the credibility of witnesses, the weight and value to be afforded the evidence, and resolution of conflicts in the evidence are entrusted to the trial court as the trier of fact. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). On appeal, the defendant has the burden of showing that the evidence preponderates against the trial court's determination. see State v. Buck, 670 S.W.2d 600, 610 (Tenn. 1984).

In this case, the Defendant presented no evidence in support of his "motion in limine to suppress confession." The trial court offered the Defendant's counsel the opportunity to present the testimony of Detective Haney concerning "the disposition on the loss of the supposed statement," and counsel declined. We cannot find fault with the trial court's failure to make findings of fact when no evidence was presented to the trial court from which to make such findings. We also find no error in the trial court's denial of the Defendant's motion to suppress the confession where the motion was supported by nothing more than the mere assertion by defense counsel that a due process violation had occurred.

Although our analysis could well end here, we will briefly examine the Defendant's claim that his constitutional right to due process of law was violated by the trial court's failure to suppress his confession. Detective Haney's uncontradicted testimony supports the conclusion that the videotape of the Defendant's confession was accidentally "taped over" and thus was not available at trial. Nor was it available for examination by defense counsel prior to trial.

In State v. Ferguson 2 S.W.3d 912, (Tenn. 1999), our supreme court adopted a balancing approach for courts to use to determine when the loss or destruction of evidence has deprived a defendant of his fundamental right to a fair trial. Id. at 917. Under this approach, the first step is to determine whether the State had a duty to preserve the evidence. As a general rule, "the State has a duty to preserve all evidence subject to discovery and inspection under Tenn. R. Crim. P. 16, or other applicable law." Id. If the proof shows that the State had a duty to preserve the evidence and that the State failed in its duty, the court must then consider the following factors which bear upon the consequences of the State's breach of its duty: (1) the degree of negligence involved; (2) the significance of the destroyed evidence, considered in light of the probative value and reliability of secondary or substitute evidence that remains available; and (3) the sufficiency of the other evidence used to support the conviction. Id. If the court concludes, after consideration of all the factors, that a trial without the missing evidence would not be fundamentally fair, the court has the option of dismissing the charges against the defendant, id., or in this case, excluding from the jury any evidence that the Defendant had confessed to the aggravated robbery.

Although there was no evidence presented at the suppression hearing or during the trial to indicate that the videotape was exculpatory, we conclude that the videotape was clearly discoverable under Rule 16(a)(1)(A) of the Tennessee Rules of Criminal Procedure as a relevant recorded statement of the Defendant within the control of the State. When we apply the remaining Ferguson guidelines, it is clear from the testimony of Detective Haney that the Defendant's interview, during which he confessed, was erased from the videotape through simple inadvertence. We would characterize the "degree of negligence" as slight or simple negligence. The significance of the destroyed evidence was also slight in light of Detective Haney's testimony concerning the statements given by the Defendant to him and Detective Haney's written supplement in which he summarized the statements of the Defendant shortly after the interview. Finally, the sufficiency of the other evidence used to support the conviction is not challenged by the Defendant. Our review of the evidence reveals overwhelming direct and circumstantial evidence supporting the jury's verdict of guilt.

We conclude that the Defendant received a fundamentally fair trial without the videotape of his interview, and we find no violation of the Defendant's right to due process. Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE